CASE 15—PETITION EQUITY—JUNE 8.

# Gooch, &c., vs. Baxter.

### APPEAL FROM MADISON CIRCUIT COURT.

Where a vendor of land executed, at the request of intermediate vendees, a deed to a remote vendee, reciting full payment of the consideration, no lien for the purchase money due from one of the intermediate vendees to the other can be enforced against the grantee, even though the latter had notice, before the recording of the deed, that the claimant of the lien had not been fully paid. (18 *B. Mon.*, 650.)

S. TURNER for appellant.

BURNAM & CAPERTON for appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought in the court below by appellee, against appellants and others, to enforce the collection of a debt of $366 66, evidenced by a note executed by James Wilson to Joseph Wilson, on the 1st of January, 1859, and due on or before the 1st of January, 1861, by a sale of 64½ acres of land in Madison county, in possession of Mildred Gooch at the time of the institution of the suit, and upon which appellee claims that said debt is a lien.

The action was brought in January, 1863, and the note is filed as a part of the petition, and recites that it was executed for the third and last payment for a tract of land.

The allegations of the petition are, in substance, that Joseph Wilson, with appellee as his surety, executed, in 1859, a note to Harvey Parish for about $300, borrowed money; that, after several renewals of the note, with interest added in, Parish brought suit, and, at the March term, 1862, of the Madison circuit court, recovered judgment thereon against Joseph Wilson and himself; that on the 2d of April, 1862, they replevied the debt, which then amounted to $370 15; and he then states, " *all of which he will have to pay*, the defendant, Joseph Wilson, being insolvent."

He furthermore alleges, that, when he signed the note as aforesaid, " Joseph Wilson delivered up to him," as collateral security, and to indemnify him from any loss on account of his suretyship to Parish, said note on James Wilson, which. was for the last payment for a tract of about 64½ acres of land in Madison county, sold by said Joseph to James Wilson, who sold it to appellant, C. D. Gooch, " and he sold, or transferred it in some way, to Mildred Gooch, wife of defendant, Thos. Gooch." That said note is wholly unpaid, is a lien upon said tract of land, and prays that the same may be sold to pay his debt and costs.

The residue of the petition need not here be particularly noticed.

The material allegations are denied by the answer of the Goochs, and they state, affirmatively, that Joseph Wilson never had the legal title to the 64½ acres of land sought by appellee to be subjected to the payment of said note; but that he held the title bond of John Denny, who had the legal title, and, before he procured a deed from Denny, he sold the land to James Wilson, who sold it, in 1859, to C. D. Gooch, and that, on the 12th of May, 1860, Denny conveyed it to said Gooch, by the consent and direction of James and Joseph Wilson; the deed is made part of the answer, and is on file. It was acknowledged before the clerk of the Madison county court on the same day it bears date, and has been

recorded in his office. Appellants also state, that C. D. Gooch had sold and conveyed the land to Mildred Gooch, and had paid to James Wilson the whole of the purchase money therefor, and Mildred Gooch was in possession under her purchase; that, at the time the deed was made by Denny to C. D. Gooch, and he paid to James Wilson the last and all the payments for said land, and when he conveyed it to Mildred Gooch, they had no knowledge of the existence of the note sued on, and no notice that any part of the purchase price was unpaid by James to Joseph Wilson, and deny that any lien exists on the land therefor.·

On the hearing, it was adjudged by the court below that the note filed with the petition was a lien upon the tract of land embraced in the deed from John Denny to C. D. Gooch, and that so much thereof as was necessary to pay the amount of said note and interest, and the cost of this branch of the case, should be sold on a credit of six months, &c.

From that judgment C. D. Gooch, Thomas, and Mildred Gooch, have appealed.

The deposition of Joseph Wilson, the payee in the note sued on, was taken by appellee; appellants excepted to it; their exceptions were overruled; and that decision they also complain of. But whether the judgment, with the aid of that deposition, can be sustained, is an important preliminary question, which will be first disposed of.

In the deed from Denny to C. D. Gooch, the consideration is stated to be eleven hundred and ninety dollars and thirty-two cents, to him paid, and the receipt of the same acknowledged. It is not stated, in any part of it, that one cent of the purchase money remained unpaid to any one of the several vendors, and it recites that Denny sold the land to Joseph Wilson in 1855; that he sold it to James Wilson in 1858, who ·sold to C. D. Gooch, "*and, by consent of parties, this deed ·is made directly to Gooch by Denny.*"

Section 26, chapter 80, 1 *Revised Statutes*, 230, provides, that " Where any real estate shall be hereafter conveyed, and the purchase money, or any part thereof, shall remain unpaid at the time of the conveyance, the grantor shall not thereby have

a lien for the same, unless it be expressly stated in the deed what part of the consideration remains unpaid."

If Denny had conveyed the land to Joseph Wilson, and he had conveyed the same to his vendee, James Wilson, and had failed to express in his deed thus made that part of the consideration remained unpaid, and what part, or how much, it is very clear, according to the construction given the *section of the statute supra* in Chapman, &c., vs. Stockwell (18 *B. M.*, 650), neither he nor his assignee would have had any lien on the land after James Wilson had conveyed it to Gooch; and we cannot see how, or upon what principle, the conveyance from Denny to Gooch, made by the direction and with the consent of Joseph Wilson, before the note was delivered to Milo Baxter, the appellee, can place them, or either of them, in a better condition than they would have been in if the conveyance had been made by the several vendors to their immediate vendees down to Gooch.

But Denny proves that when the deed was acknowledged, Joseph Wilson said to Barnes, the clerk, in the presence of C. D. Gooch, that his brother James owed him for the land about $366; and Barnes told him if he signed the deed it might prevent him from collecting the money; and Joseph Wilson then directed Barnes to write on the deed, "*Await my orders;*" that this was done to preserve the lien on the land for the unpaid purchase money, and Gooch made no objections.

Joseph Wilson proves substantially the same facts proved by Denny in relation to the conversation with Barnes, the clerk, about the purchase money owing by James Wilson, and his directions to Barnes not to record the deed until directed to do so by him. And he proved that he had never given any order to record the deed; that Gooch was present when the deed was acknowledged, and did not object to the order he gave the clerk.

It appears in evidence that Barnes, the clerk, who took the acknowledgment of the deed, is dead, and his successor put the deed to record.

By the conveyance from Denny to Gooch, the legal title to the land was invested in the latter, and as it was made by the direction and with the consent of Joseph Wilson, discharged Denny from his obligation to make a conveyance to him; and the mere failure of the clerk to record the deed in subordination to his order, even if he had authority to give the order, could not secure to him a lien on the land for the unpaid purchase money claimed by him, when he had failed to have the amount stated in the deed that was unpaid, as required by the *statute supra.*

Besides, the deed has been placed upon the record in the proper office; when it was done does not appear. Appellee, in his petition, states that appellant, Mildred Gooch, has purchased the land. The sale to her is not in any manner assailed; it is neither alleged nor proved that she had any notice that there was any of the purchase money unpaid to Joseph Wilson or any one else, or that any orders had been given the clerk not to record the deed. It is not alleged that her purchase was made before the deed to her vendor was recorded; so that she appears upon the record as a purchaser for a valuable consideration from the holder of the legal title, in possession, and without notice of even appellee's claim to a lien. And the judgment subjecting her land to sale cannot be sustained.

Under this view of the case it is not necessary to decide upon the competency of Joseph Wilson as a witness.

But, for the error stated, the judgment is *reversed,* and the cause remanded, with directions to dismiss the action against Thomas and Mildred Gooch, as far as it seeks to subject the land conveyed by Denny to C. D. Gooch to the payment of said debt. This reversal will not obstruct Baxter in the prosecution of the other branch of the case, if he desires to do so.